IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **SUNSARRI ROBERTS,** | § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. 7:25-cv-00129-O-BP |
| **SUSAN WORTHINGTON**, *et al.*, | § § § | |
| Defendants. | § § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

On December 29, 2025, *pro se* Plaintiff Sunsarri Roberts filed a complaint against various Defendants, alleging they violated her Fourth Amendment rights, committed legal malpractice, and abused their power. ECF No. 1 at 7. Roberts' complaint asserts the defendants "broke in unlocking [two] doors," and "talk[ed] to [her] suicidal dying child [without] [her] knowing while she[] [was] at a mental hospital." The case was automatically assigned to the undersigned under Special Order 3 on December 31, 2025. ECF No. 4. After reviewing Roberts' complaint and the applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge O'Connor **TRANSFER** the case to the United States District Court for the Western District of Oklahoma.

Roberts' complaint alleges no facts that connect her claims to the Wichita Falls Division of this Court. While Roberts lists her address as a post office box in Wichita Falls, Texas, she does not state facts to show that any of the events in her complaint occurred in the Northern District of Texas.

The general venue statute, 28 U.S.C. § 1391(b), states that venue in a civil action such as this one is proper in:

> 1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

The Court may transfer any civil action to a more convenient forum where it could have been filed originally "[f]or the convenience of parties and witnesses, in the interest of justice," *id.* § 1404(a); *see also Hardwick v. Brinson*, 523 F.2d 798, 800 n.2 (5th Cir. 1975), or it may transfer a case filed in the wrong district or division "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A district court may raise the issue of venue *sua sponte*. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *see also Empty Barge Lines II, Inc. v. Dredge Leonard Fisher*, 441 F. Supp. 2d 786, 789 (E.D. Tex. 2006) (collecting cases).

The district where a plaintiff such as Roberts resides is irrelevant to the issue of where a suit is properly filed, though Roberts asserts that her mailing address is in Wichita Falls, Texas. ECF No. 1 at 1. As to the issue of the defendants' residences, Roberts pleads that all defendants reside at addresses in either Payne or Canadian Counties, Oklahoma. ECF No. 1 at 2-6. Roberts does not allege that any of the defendants reside in the Northern District of Texas.

Payne and Canadiana Counties, Oklahoma both are in the Western District of Oklahoma. *See* 28 U.S.C. § 116(c). Roberts pleads no facts to demonstrate that "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is subject to the action is situated" in the Wichita Falls division of the Northern District of Texas. 28 U.S.C.

2

§ 1391(b)(2). Because Roberts does not assert any facts to suggest a connection with a county other than Payne and Canadian Counties, Oklahoma, the Court concludes that she has not shown that venue is proper in the Wichita Falls division of the Court.

The undersigned discerns no connection with the Wichita Falls Division of the Court other than Roberts' mailing address. *See* ECF No. 1 at 1. Roberts offers no facts to show that any of the actions in her complaint took place in the Northern District of Texas, that any of the defendants reside here, or that any defendant is subject to this Court's personal jurisdiction with respect to the action.

Accordingly, the undersigned **RECOMMENDS** for the convenience of the parties and the witnesses and in the interest of justice, Chief United States District Judge Reed O'Connor **TRANSFER** this action to the United States District Court for the Western District of Oklahoma. Under Local Civil Rule 62.2, Chief Judge O'Connor should stay the case for 21 days from the date he accepts these findings, conclusion, and recommendation unless Plaintiff consents in writing to the transfer.

**SIGNED** on January 14, 2026.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE